Filed 9/29/23  P. v. Moore CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080230 |
| v. | (Super.Ct.No. INF066216) |
| DAVIS MOORE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John J. Ryan, Judge.

(Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI,

§ 6 of the Cal. Const.)  Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant

and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Warren

Williams and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

In 2017, a jury found defendant and appellant, Davis Moore, guilty of forcible rape (Pen. Code,[1] § 261, subd. (a)(2), count 1), forcible oral copulation (former § 288a, subd. (c)(2), count 2), and forcible penetration with a foreign object (§ 289, subd. (a)(1), count 3). A trial court found that defendant had a 1987 conviction for forcible rape, which constituted a prior serious felony conviction and a prior strike. (§§ 667, subds. (a), (c) & (e)(1), 1170.12, subd. (c)(1).)[2] The court sentenced defendant to 50 years to life on counts 1 through 3 and imposed an additional five-year term on the prior serious felony conviction enhancement (§ 667, subd. (a)), for a total sentence of 55 years to life. Defendant appealed, and this court affirmed the judgment, but remanded to the sentencing court "with directions to determine whether, in the court's discretion, the five-year term the court originally imposed on defendant's prior serious felony conviction should be stricken in the interests of justice, . . ." (*Moore*, *supra*, E069625.)

At the resentencing hearing, defendant asked the court to dismiss the five-year prior enhancement because he had already been sentenced to 50 years to life and was 66 years old. The court denied the request.

In this appeal, defendant contends the court abused its discretion when it failed to dismiss the five-year enhancement since there is no indication the court "afforded great

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] The background is taken from this court's opinion in the prior appeal (*People v. Moore* (June 11, 2020, E069625) [nonpub. opn]), which we took judicial notice of pursuant to the People's request.

weight to" the fact that his prior conviction was more than five years old, pursuant to section 1385, subdivision (c)(2)(H). He then admits his counsel failed to argue that the enhancement should be dismissed under section 1385, subdivision (c)(2)(H), and claims his counsel thereby rendered ineffective assistance of counsel (IAC). We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2014, defendant was charged by third amended information with forcible rape (§ 261, subd. (a)(2), count 1), forcible oral copulation (former § 288a, subd. (c)(2), count 2), forcible penetration with a foreign object (§ 289, subd. (a)(1), count 3), and false imprisonment (§ 236, count 4). The amended information also alleged that defendant had a 1987 conviction for forcible rape, which constituted a prior serious felony conviction (§ 667, subd. (a)) and a prior strike (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

In our opinion issued in the prior appeal, we described in detail the evidence presented at trial. (*Moore*, *supra*, E069625.) For purposes of this appeal, we need not describe it at length, but the evidence generally showed that in March 2009, the victim went with friends to some nightclubs in Palm Springs. The friend that drove her became intoxicated and could not remember where he left his car, and he and the other friend left in a taxi without her. The victim went to a casino and talked to some taxi drivers, but she did not have enough money to get home. Defendant walked into the casino and offered to help the victim find her friend's car. She declined, but defendant kept insisting he could help her. The victim began seeing him as a "father figure" and agreed to let him help her. They drove in defendant's car, and then defendant offered to get *her* a hotel room. He kept insisting, and she agreed. He checked her into a motel at 4:00 a.m.

3

Defendant walked into the room and sat on the bed.  He removed his clothing until he only had his underwear on.  Because she was tired, the victim lay on the other side of the bed, fully clothed.  Defendant then took her clothes off and forcibly performed oral sex and raped her.  The victim resisted and kept telling him to stop, but he was larger than her, and she did not want him to get violent.  (*Moore*, *supra*, E069625.)

Defendant had prior sex offenses.  In 1986, he was driving in a car and pulled over near a 17-year-old girl, who was walking alone.  He got out and pulled her into his car.  Defendant drove her to an apartment complex and raped her.  (*Moore*, *supra*, E069625.)  In 2000, defendant saw his wife's 23-year-old coworker at a bus stop and offered her a ride.  He said he had to make a phone call, so he stopped at his house and asked her if she wanted something to drink.  Once inside the house, he raped her.  (*Moore*, *supra*, E069625.)

A jury convicted defendant of forcible rape (count 1), forcible oral copulation (count 2), and forcible sexual penetration with a foreign object (count 3), but acquitted him of false imprisonment (count 4).  (*Moore*, *supra*, E069625.)  The court found true the allegations that defendant had a 1987 conviction for forcible rape, which constituted a prior serious felony conviction and a prior strike.  (*Ibid*.)  It then sentenced him to 25 years to life on count 1, doubled pursuant to the strike, and concurrent terms of 50 years to life on counts 2 and 3.  The court imposed an additional five-year term on the prior serious felony conviction (§ 667, subd. (a)), resulting in a total sentence of 55 years to life.

Defendant appealed and this court affirmed the judgment, but ordered the matter remanded for the trial court to exercise its discretion under amendments made to sections 667 and 1385 effective January 1, 2019, to determine whether the five-year term on the prior serious felony conviction enhancement should be stricken in the interests of justice. (*Moore*, *supra*, E069625.)

The court held a resentencing hearing on September 27, 2022. At the outset of the hearing, the court stated that it read the remittitur. Defense counsel submitted medical records and asserted that defendant had blood clots in his lungs and congestive heart failure. The court acknowledged that it read the medical records and that defendant had medical issues. Defense counsel then asked the court to exercise its discretion and strike the five-year enhancement, noting that defendant was 66 years old and had been sentenced to 50 years to life. Defense counsel said he did not think defendant was "going to live to see his 66 years plus 50" and argued the sentence was "long enough as it is." He concluded that it is "going to be impossible for [defendant] to survive that sentence in any case." The prosecutor sought imposition of the enhancement term, citing the aggravating factors that the crime involved the threat of great bodily harm or a high degree of cruelty, viciousness, or callousness; the victim was particularly vulnerable; the manner in which the crime was carried out indicated planning and sophistication; and defendant took advantage of a position of trust to commit the crime. The prosecutor also pointed out that defendant had numerous prior convictions. He further argued defendant engaged in violent conduct that indicated a serious danger to society with the current crime, he had committed similar offenses against numerous victims and the offenses were

5

numerous and increasing in violence, he had served prior terms in prison or jail, and he was on probation at the time of the current offense. Finally, the prosecutor asserted that defendant's "prior performance on probation, mandatory supe [*sic*], post-release community supervision was unsatisfactory in that he was committing more serious, violent crimes." Defense counsel responded that defendant was already serving his 50-year sentence and "[i]t is adding insult to the injury to ask for five additional years."

After hearing the evidence and arguments, the court stated, "I'm not striking the prior. The background, the current offenses, other—other victims that he wasn't charged with, and I don't think the judge who sentenced him, in fact, I'm sure no other judge in their right mind would strike the five-year prior. So that request is denied."

## DISCUSSION

### The Court's Sentencing Decision Was Not an Abuse of Discretion

Defendant first argues the trial court abused its discretion in failing to dismiss his section 667 five-year, prior serious felony conviction enhancement (the enhancement), claiming the court was required to dismiss it under section 1385, subdivision (c)(2)(H), because the prior conviction was over five years old. He argues that since the court imposed the enhancement, it "necessarily" found that dismissing it would endanger public safety. (§ 1385, subd. (c)(2).) Defendant contends that such finding was without factual support since he was a 66-year-old man who was sentenced to serve 50 years to life.

Defendant then concedes his defense counsel did not argue that the court should dismiss the enhancement under section 1385, subdivision (c), and asserts that his counsel

6

was not required to since it is presumed the court knew the laws applicable to his sentencing. He adds that, if we find his counsel was required to do so, his counsel provided IAC. In support of the IAC claim, defendant contends that it appears his counsel was unaware that section 1385 had been amended, effective January 1, 2022, "in a manner that benefitted [his] case." Defendant then claims that had his counsel argued for dismissal under section 1385, subdivision (c)(2)(H), the court would have been compelled to dismiss it "[f]or the reasons expressed in Part I" of his brief.

We conclude that the court properly exercised its discretion in declining to dismiss the enhancement.

A. *Standard of Review*

"We review the trial court's exercise of discretion at sentencing for abuse." (*People v. Shenouda* (2015) 240 Cal.App.4th 358, 368; see *People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not

7

abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, at pp. 376-377.)

B. *The Court Did Not Abuse its Discretion*

In defendant's prior appeal, we remanded the matter to allow the trial court to decide whether to exercise its then-new discretion under amendments to section 1385 to strike the prior serious felony enhancement in the interests of justice. (*Moore*, *supra*, E069625.) The Legislature subsequently enacted Senate Bill No. 81 (Senate Bill 81) (2021-2022 Reg. Sess.), which further amended section 1385 to add subdivision (c). The newly added subdivision lists specific mitigating factors a court must consider when deciding whether to strike an enhancement from a defendant's sentence in the furtherance of justice. (§ 1385, subd. (c); see *People v. Sek* (2022) 74 Cal.App.5th 657, 674.)

Section 1385, subdivision (c), now provides, "[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).) "In exercising its discretion under [subdivision (c)], the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in [the subparagraphs to subdivision (c)(2)] are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).) The mitigating circumstances identified in the

8

subparagraphs include that "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(H).)

Thus, section 1385, subdivision (c)(1), establishes the subdivision's overall context, that dismissing an enhancement must be "in the furtherance of justice." "Section 1385 makes clear that whether dismissal of an enhancement is 'in the furtherance of justice' is a 'discretion[ary]' call for the trial court to make." (*People v. Walker* (2022) 86 Cal.App.5th 386, 395, review granted Mar. 22, 2023, S278309 (*Walker*); see § 1385, subd. (c)(2) ["In exercising its *discretion* …" (italics added)].) If a mitigating circumstance has been proven, then the trial court shall afford it great weight in favor of dismissal, unless doing so would endanger public safety. (§ 1385, subd. (c)(2).)

We observe that a split of authority has emerged among the Courts of Appeal regarding the application of section 1385, subdivision (c)(2). (Compare *Walker*, *supra*, 86 Cal.App.5th 386 with *People v. Ortiz* (2023) 87 Cal.App.5th 1087, review granted Apr. 12, 2023, S278894 (*Ortiz*).) How courts should construe and apply the newly added provision is a question currently pending before the California Supreme Court. In granting review of the *Walker* decision, our high court defined the issue as follows: "Does the amendment to . . . section 1385, subdivision (c) that requires trial courts to 'afford great weight' to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?" (*Walker*, *supra*, S278309.)

Defendant here argues that "[o]ne of the circumstances *requiring* dismissal of an enhancement applies in this case." (Italics added.) He cites section 1385, subdivision

(c)(2)(H), which provides that the "enhancement is based on a prior conviction that is over five years old" and argues that the court was required to dismiss the enhancement since it was based on his prior conviction from 1987.

We disagree that the court was required to dismiss the enhancement. We read subparts (1) and (2) of section 1385, subdivision (c), together, such that evidence weighing greatly in favor of dismissal of an enhancement under the statute, and any countervailing consideration concerning danger to public safety (§ 1385, subd. (c)(2)) inform, but do not restrict the court's exercise of discretion to "dismiss an enhancement *if* it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1), italics added.) We agree with the reasoning in *Ortiz* that "the specification of mandatory factors did not displace the trial court's obligation to exercise discretion in assessing whether dismissal is 'in furtherance of justice.' " (*Ortiz, supra*, 87 Cal.App.5th at p. 1093, citing § 1385, subd. (c)(1)-(2); see *People v. Johnson* (2022) 83 Cal.App.5th 1074, 1091, review granted Dec. 14, 2022, S277196.) "The plain language of section 1385[, subdivision] (c)(2) contemplates the trial court's exercise of sentencing discretion, even as it mandates that the court give 'great weight' to evidence of enumerated factors." (*Ortiz, supra*, 87 Cal.App.5th at p. 1096.) The *Ortiz* court rejected the contention that the existence of a statutory mitigating circumstance compels a trial court to dismiss an enhancement absent a finding that a dismissal would endanger public safety. (*Id.* at p. 1098.) It concluded, and we agree, that "[t]he ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement." (*Ibid.*; see § 1385, subd. (c)(1).)

10

Furthermore, " '[G]enerally applicable sentencing principles' relevant to a court's determination of whether dismissal is in furtherance of justice 'relat[e] to matters such as the defendant's background, character, and prospects.' [Citation.] Those principles require consideration of circumstances in mitigation (and aggravation) in the broader context of the recognized objectives of sentencing, which are not limited to public safety." (*Ortiz*, *supra*, 87 Cal.App.5th at p. 1097.) The court here declined to strike the enhancement, based on defendant's current offenses, prior offenses, and background. His current offenses were forcible rape, forcible oral copulation, and forcible penetration with a foreign object. The evidence showed that he raped a 17-year-old girl in 1986, and he raped his wife's 23-year-old coworker in 2000. (*Moore*, *supra*, E069625.) Furthermore, the probation report reflects that defendant has numerous misdemeanor and felony convictions, dating back to 1977. It also reflects circumstances in aggravation, which include that the current crime involved great violence or other acts disclosing a high degree of cruelty or callousness, the manner in which the crime was carried out indicated planning, sophistication, or professionalism, defendant had engaged in violent conduct that indicates a serious danger to society, his convictions were numerous and of increasing seriousness, he had served prior prison and jail terms, he was on probation when the current crime was committed, and his prior performance on parole or probation was unsatisfactory. The probation report stated there were no circumstances in mitigation. (Cal. Rules of Court, rules 4.421, 4.423.) In light of the evidence before the court, it properly concluded that dismissing the enhancement would not be in the furtherance of justice.

Defendant contends there is no indication the trial court "afforded great weight to" the fact that his prior conviction was more than five years old. (§ 1385, subd. (c)(2)(H).) It is reasonable to presume the trial court was aware the prior conviction occurred more than five years prior to the present offense since it read the remittitur, which included our prior opinion that states the prior conviction was from 1987. Although defense counsel did not argue the mitigating circumstance in section 1385, subdivision (c)(2)(H), applied, we presume the court was aware of the amended statute since it went into effect more than nine months prior to the hearing. (See *People v. Thomas* (2011) 52 Cal.4th 336, 361 (*Thomas*) ["[i]n the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law' "].) Thus, the only mitigating factor was that the prior conviction was over five years old. In contrast, there were multiple aggravating factors. (See *ante*.) The court could easily conclude the aggravating factors collectively outweighed the one mitigating factor. Significantly, defendant does not contend it was inappropriate for the court to consider any of the aggravating factors.

We note defendant's claim that since the court imposed the enhancement, it necessarily found that dismissing it would endanger public safety. (§ 1385, subd. (c)(2).) He argues that at the time of sentencing, he was a 66-year-old man who was sentenced to serve 50 years to life, and the court's finding that "tacking on another five years was required to prevent 'physical injury or other serious danger to others' was arbitrary, irrational, and without factual support." However, the court made no such finding, nor was it required to. Rather, it based its denial on defendant's current offenses and

12

background.  We note that the court was aware of defendant's medical issues and his

advanced age, which is perhaps why it did not reference the public safety issue.

Ultimately, defendant has failed to meet his burden " ' "to clearly show that the

sentencing decision was irrational or arbitrary." ' " (*Carmony*, *supra*, 33 Cal.4th at

p. 376.)  He has not disputed the court's reasons for declining to dismiss the enhancement

(his current crimes and background, including his criminal history and the aggravating

factors).  Because defendant has failed to show the court's reasoning for not striking the

enhancement was irrational or arbitrary, the " ' "court is presumed to have acted to

achieve legitimate sentencing objectives, and its discretionary determination to impose a

particular sentence will not be set aside on review." ' " (*Carmony*, *supra*, 33 Cal.4th at

pp. 376-377.)

C.  *Defendant Has Failed to Establish His Counsel Was Ineffective*

Defendant acknowledges his counsel did not argue the enhancement should be

dismissed because his prior conviction was more than five years old (§ 1385,

subd. (c)(2)(H)), but contends his counsel was not required to do so, since it is presumed

the court knew the laws applicable to his sentencing.  (*Thomas*, *supra*, 52 Cal.4th at

p. 361.)  Notwithstanding, he argues that, if his counsel was required to specifically refer

to section 1385, subdivision (c), his counsel rendered IAC.  To establish a claim of IAC,

a defendant must first show counsel's performance was deficient, and then "show

resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient

performance, the outcome of the proceeding would have been different.  When

examining an ineffective assistance claim, a reviewing court defers to counsel's

13

reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance. It is particularly difficult to prevail on an appellate claim of ineffective assistance. On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People vs. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*).)

Here, it is true that the evidence showed defendant's prior conviction was more than five years old. However, we discern that defense counsel had an obvious tactical reason for not arguing section 1385, subdivision (c)(2)(H), applied. Given defendant's extremely violent actions in the present case and his prior conviction for similar violent acts, defense counsel may have reasonably concluded that arguing the reduction of defendant's sentence by striking the prior would not affect public safety would be futile and only provide the court a stronger reason to decline to exercise its discretion to dismiss the enhancement.[3] Thus, we see reasonable tactical reasons why defense counsel chose to argue for dismissal of the enhancement based on other factors and conclude that defendant has not shown that defense counsel's performance was deficient.

---

[3] Although defendant's sentence was lengthy, that sentence could be reduced later by a court or by changes in the law made by the Legislature. That very scenario occurred in this case with respect to the serious prior allegation at issue.

Even if we were to assume defense counsel's performance was deficient, defendant has still failed to establish he was prejudiced.  He merely asserts that "[f]or the reasons expressed in Part I [of his opening brief], had trial counsel directed the trial court to section 1385, subdivision (c), the trial court would have been compelled to dismiss the prior serious felony enhancement."  Defendant appears to be arguing that if his counsel had made the argument for dismissal under section 1385, subdivision (c)(2)(H), the court would have dismissed the enhancement since a finding that dismissing the enhancement would endanger public safety was irrational and without factual support.  However, as defendant concedes, we presume the court already knew the laws applicable to his sentencing.  (*Thomas*, *supra*, 52 Cal.4th at p. 361.)  Further, as discussed *ante*, the court reasonably concluded it was not in the furtherance of justice to dismiss the enhancement, in light of defendant's current crimes, extensive criminal history, and the numerous aggravating factors.  (See *ante*, § B.)  We also point out that, in denying the request for dismissal, the court stated it was "sure no other judge in their right mind would strike the five-year prior."  In view of this comment, even if defense counsel would have argued that the prior conviction was over five years old, it is not reasonably probable the court would have dismissed the enhancement.

On this record, we conclude that defendant has not and cannot show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  (*Mai*, *supra*, 57 Cal.4th at p. 1009.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS             

J.

We concur:

CODRINGTON        
        Acting P. J.

RAPHAEL           
        J.